UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NAILA M. QURESHI,

                          Plaintiff,        11-CV-2444 (SJF)(WDW)

            -against-

NASSAU BOARD OF COOPERATIVE
EDUCATIONAL SERVICES,

                          Defendant.
----------------------------------------------------------------X

FEUERSTEIN, J.

On May 17, 2011, pro se plaintiff Naila M. Qureshi ("plaintiff") commenced this action against defendant Nassau Board of Cooperative Education Services ("defendant" or "Nassau BOCES"), alleging violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), and the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (the "ADEA"). Complaint ("Compl.") [Docket Entry No. 1].

Before the Court is defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which plaintiff has not opposed. [Docket Entry No. 23]. For the reasons that follow, defendant's motion is granted. However, as further discussed below, plaintiff is granted leave to file an amended complaint no later than thirty (30) days from the date of entry of this order.

1

I.  Background

Plaintiff's brief complaint claims that Nassau BOCES terminated plaintiff from her position as a per diem substitute teacher, failed to hire her as a "long-term substitute," and provided unequal terms and conditions of her employment. Compl. at 3-4. Although plaintiff alleges that defendant's actions were motivated by national origin and age discrimination, she explains only that her termination "was a result of speculative behavior on part of a TA in Ms. Goldstein's school in Bellmore and outright remarks such as 'terrorist' in Mr. Lombardi's school in West Hempstead." Id.[1]

In a Charge of Discrimination filed with the New York State Division of Human Rights, plaintiff identifies her national origin as "Pakistan." Id. at 7. From a review of the complaint and its attachments, it appears that plaintiff's employment was terminated when she was forty-two (42) years old. Plaintiff states that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on October 26, 2010 and that she received a Right to Sue letter from the EEOC on February 22, 2011. Id. at 4-5.

II.  Discussion

A.  Legal Standard

In deciding a motion pursuant to Rule 12(c), the Court employs the same standard as in deciding a Rule 12(b)(6) motion to dismiss. Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009).

---

[1] The complaint does not identify the individual who allegedly called plaintiff a "terrorist." However, plaintiff states in her Charge of Discrimination filed with the New York State Division of Human Rights that the speaker was a student. See Compl. at 7; see also Compl. at 11.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a 'formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011); see also Ruston v. Town Bd. for the Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. "While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation." Matson, 631 F.3d at 63 (internal quotation marks and citation omitted).

"On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the

factual background of the case.'" L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (quoting Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009)). "A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Id. (quoting Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004)).

B. Analysis

1. Failure to Hire and Unequal Terms and Conditions of Employment

"A plaintiff may bring an employment discrimination action under Title VII or the ADEA only after filing a timely charge with the EEOC or with 'a State or local agency with authority to grant or seek relief from such practice.'" Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 82-83 (2d Cir. 2001) (quoting 42 U.S.C. § 2000e-5(e)). "Exhaustion of remedies is a precondition to suit, and a plaintiff typically may raise in a district court complaint only those claims that either were included in or are reasonably related to the allegations contained in her EEOC charge." Id. at 83 (internal quotation marks and citations omitted). A claim is "reasonably related" to conduct alleged in an EEOC complaint if: (1) "the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination," (2) the claim alleges "retaliation by an employer against an employee for filing an EEOC charge," or (3) the claim alleges "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." Id. at 83, n. 6 (quoting Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1402-03 (2d Cir. 1993)); see also Choi v. Chem. Bank, 939 F. Supp. 304, 312 (S.D.N.Y. 1996).

4

As defendant accurately points out, plaintiff did not raise her failure to hire or unequal terms and conditions claims in her EEOC complaint. The EEOC charge refers only to plaintiff's "termination from [her] substitute assignment," which she apparently links in some way to her school principal's comment that he "can't control if a student calls [plaintiff] a terrorist." See Compl. at 11.[2] Thus, it appears that plaintiff has failed to exhaust her administrative remedies with respect to her failure to hire and unequal terms and conditions claims. Given the extremely bare allegations in the complaint and plaintiff's failure to submit any opposition brief, the Court has no basis from which to conclude that these claims are "reasonably related" to the termination claim in her EEOC charge. Accordingly, these claims are dismissed. Daigle v. West, 225 F.Supp.2d 236, 243-44 (N.D.N.Y. 2002) (dismissing claims that plaintiff had failed to demonstrate were "reasonably related" to EEOC charge).

2. Termination

Plaintiff has also failed to state a claim for unlawful termination under either Title VII or the ADEA.

Under Title VII, it is unlawful "for an employer . . . to discharge any individual . . . because of such individual's race . . . or national origin." 42 U.S.C. § 2000e-2(a)(1). "To establish a claim of discrimination based on national origin in a Title VII action, the burden shifting analysis under the McDonnell-Douglas framework applies." Martinez v. City of N.Y., 338 Fed. Appx. 71, 72-73 (2d Cir. July 22, 2009) (citing Song v. Ives Labs., Inc., 957 F.2d 1041, 1045 (2d Cir. 1992)). Under the McDonnell-Douglas framework, plaintiff must first establish a

---

[2] The Court further notes that portions of the EEOC complaint are illegible.

prima facie case of discrimination by showing that: (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) the adverse action took place under circumstances give rise to an inference of discrimination. Ruiz v. County of Rockland, 609 F.3d 486, 491-92 (2d Cir. 2010). "Once a plaintiff meets this initial burden, the burden then shifts to the defendant to offer a legitimate nondiscriminatory reason for the termination." Id. at 492. "If defendant does so, the burden returns to the plaintiff to show that the real reason for plaintiff's termination was his race and national origin." Id.

Assuming, without deciding, that plaintiff has adequately alleged that she is a member of a protected class and that she has suffered an adverse employment action, her complaint contains no allegations with respect to her qualifications and no allegations indicating that she was terminated under circumstances that give rise to an inference of national origin discrimination. Although the complaint makes vague reference to "speculative behavior" by a teaching assistant and to the fact that plaintiff was called a "terrorist" by a student in a West Hempstead school, these allegations fall far short of establishing a prima facie case under Title VII.

Furthermore, the complaint contains no allegations whatsoever to support plaintiff's claim of age discrimination. Although plaintiffs' submissions indicate that she was a member of a protected age group at the time of her termination, see Taggart v. Time Inc., 924 F.2d 43, 46 (2d Cir. 1991) (noting that the protected age group includes individuals age forty and older), her complaint again includes no allegations with respect to her qualifications and no allegations indicating that she was terminated under circumstances that give rise to an inference of age discrimination. Thus, plaintiff fails to state a claim for unlawful termination under the ADEA. See generally Foster v. Humane Soc'y of Rochester & Monroe Cnty., 724 F.Supp.2d 382, 390

6

(W.D.N.Y. 2010).

Accordingly, plaintiff's claim that her termination violated Title VII and the ADEA is dismissed without prejudice with leave to replead, as discussed further below.

### 3. Leave to Amend

"As a general rule, when a complaint is dismissed for failure to state a claim – and particularly when the pleading is authored by an untutored pro se litigant – the court should authorize re-pleading if there is reason to believe that the plaintiff may be able to articulate a viable set of allegations." Santos v. General Elec. Co., No. 10 Civ. 6948, 2011 WL 5563544, at *12 (S.D.N.Y. Sept. 28, 2011) (citing cases). In light of plaintiff's pro se status, she is granted leave to file an amended complaint within **thirty (30) days from the date of entry of this order**. The amended complaint, if any, shall contain sufficient allegations to cure the deficiencies in her unlawful termination claim.

III. Conclusion

In sum, plaintiff's failure to hire and unequal terms and conditions claims are dismissed without prejudice because she has failed to exhaust her administrative remedies.

Plaintiff's unlawful termination claim is also dismissed without prejudice. However, plaintiff is granted leave to file an amended complaint with respect to this claim within **thirty (30) days of the date of entry of this order**. If plaintiff chooses to file an amended complaint, it shall be labeled "amended complaint" and shall contain sufficient allegations to state her claim that her termination violated Title VII and/or the ADEA. If plaintiff fails to timely file an

7

amended complaint, this claim will be dismissed with prejudice and the case will be closed.

**SO ORDERED.**

                                          s/ Sandra J. Feuerstein
                                          Sandra J. Feuerstein
                                          United States District Judge

Dated:        April 23, 2012
                 Central Islip, New York