FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY

★ MAY 01 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
NAILA M. QURESHI,

                  Plaintiff,

-against-

NASSAU BOARD OF COOPERATIVE
EDUCATIONAL SERVICES,

                  Defendant.
----------------------------------------------------------x

**ORDER**
11-CV-2444 (SJF) (WDW)

FEUERSTEIN, J.

On May 17, 2011, pro se plaintiff Naila M. Qureshi ("plaintiff") commenced this action against the Nassau Board of Cooperative Education Services ("defendant"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. §§ 621-634. [Docket Entry No. 1]. On April 23, 2012, the Court granted defendant's unopposed motion for judgment on the pleadings, dismissing plaintiff's complaint and granting plaintiff leave to file an amended complaint with respect to her unlawful termination claim. [Docket Entry No. 34]. The Court advised plaintiff that the amended complaint must "contain sufficient allegations to state her claim that her termination violated Title VII and/or the ADEA." Id. On May 9, 2012, plaintiff filed an amended complaint, [Docket Entry No. 36] ("Am. Compl."), and defendant moved to dismiss the amended complaint on February 1, 2013, [Docket Entry No. 47] (the "motion").

Now before the Court is the Report and Recommendation (the "Report") of Magistrate Judge William D. Wall dated March 13, 2013 recommending that the motion be granted.

1

[Docket Entry No. 50]. Plaintiff has filed a timely objection to the Report. [Docket Entry No. 51] ("Objection"). For the following reasons, the Objection is overruled, and the Court adopts Magistrate Judge Wall's Report in its entirety.

I. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." Frankel v. City of New York, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 29, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F. Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed App'x 815 (2d Cir. Jan. 9, 2009); Baptichon v. Nevada State Bank, 304 F. Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II. Plaintiff's Objection

Plaintiff has failed to raise objections to Magistrate Judge Wall's specific conclusions in

the Report and instead merely restates her general claim of unlawful termination and argues (1) that "the court seeks more evidence of [her] claims, but to date has not specified the nature of evidence it is seeking and furthermore has not allowed discovery," and (2) that she "has provided evidence of employment and termination accompanied with the absence of any due process proceeding or administrative detail." Objection at 2.

Plaintiff's argument that her inability to conduct discovery precludes the granting of defendant's motion is without merit. Magistrate Judge Wall has recommended that defendant's motion be granted due to plaintiff's failure to "set forth factual circumstances from which the court can infer discrimination on the basis of protected status," not due to the absence of admissible evidence of discrimination. Report at 6 ("To survive a motion to dismiss, as opposed to a motion for summary judgment, a Title VII plaintiff need not establish a prima facie case of employment discrimination with admissible evidence."); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The purpose of a motion to dismiss "is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it." Global Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 155 (2d Cir.2006). Therefore, plaintiff is required to allege a plausible claim to relief before engaging in discovery. See Iqbal, 556 U.S. at 678-79 ("[T]he doors of discovery [are not unlocked] for a plaintiff armed with nothing more than conclusions.").

Plaintiff's argument that she has adequately pleaded "evidence of employment and

3

termination accompanied with the absence of any due process proceeding or administrative detail" does not address the deficiencies in the amended complaint identified by Magistrate Judge Wall. To state a prima facie case of discriminatory termination in violation of Title VII, plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination. Ruiz v. Cnty. of Rockland, 609 F.3d 486, 492-93 (2d Cir. 2010). Magistrate Judge Wall found that plaintiff "has adequately pled her national origin and an adverse employment action" but that "she has not met her burden of pleading her qualifications or circumstances that give rise to an inference of discrimination." Report at 6-7. The Court agrees that the amended complaint, even construed liberally, fails to make factual allegations from which a discriminatory motivation may be inferred. The only specific factual allegation in the amended complaint is that a school administrator responded inadequately to plaintiff's complaint about discriminatory comments made by a student. Am. Compl. at ¶ 4. This allegation does not give rise to an inference that plaintiff's termination was motivated by discriminatory animus, and the remainder of plaintiff's allegations are too vague and conclusory to state a plausible claim to relief. Accordingly, the Court adopts Magistrate Judge Wall's conclusion that plaintiff has failed to allege a prima facie case of discriminatory termination in violation of Title VII.

III. Conclusion

For the foregoing reasons, Magistrate Judge Wall's Report is adopted as an order of the Court. Defendant's motion for judgment on the pleadings [Docket Entry No. 47] is granted, and plaintiff's complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis

status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties, including by mailing a copy of the Order to the pro se plaintiff at her last known address, see Fed. R. Civ. P. 5(b)(2)(C).

**SO ORDERED.**

/s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: May 1, 2013
       Central Islip, New York